## PEOPLE OF THE VIRGIN ISLANDS IN THE INTEREST OF J.P., a Minor

S. Ct. Crim. No. 2010-0082

Supreme Court of the Virgin Islands

February 22, 2011

KELE ONYEJEKWE, ESQ., Territorial Public Defender, St. Thomas, USVI, *Attorney for Appellant.*

TIFFANY V. MONROSE, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(February 22, 2011)

HODGE, C.J. Appellant J.P., a minor charged with possession of an unlicensed firearm in violation of section 2253(a) of title 14 of the Virgin Islands Code, appeals from an October 13, 2010 Order transferring the proceedings from the Family Division of the Superior Court ("Family Court") to the Criminal Division on the grounds that the transfer order is contrary to law. For the reasons that follow, we affirm the Family Court's October 13, 2010 Order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 12, 2009, the People of the Virgin Islands filed a juvenile complaint against J.P. in the Family Division, which alleged that on or about October 24, 2009, J.P. — who was seventeen years old at the

time — violated title 14, section 2253(a) by "possess[ing], bear[ing], transport[ing] or carry[ing] . . . a firearm, to wit: a Glock 23 which is a .40 caliber automatic pistol, with an obliterated serial number, and threw it out of a vehicle." On the same day, the People filed a motion to transfer J.P. from the Family Division to the Criminal Division pursuant to sections 2508(b)(2) and (b)(3) of title 5, on the grounds that a transfer was mandatory under both provisions because J.P. had previously been adjudicated delinquent in Super. Ct. JD. No. 103 for assault in the third degree and possession of a dangerous weapon and that a violation of section 2253(a) is both a violent crime and, if committed by an adult, a felony.

The Family Court held a hearing on the People's motion on August 3, 2010, and in an August 5, 2010 Order granted the transfer, which J.P. timely appealed to this Court. After this Court summarily reversed the Family Court in a September 27, 2010 Order,[1] the Family Court entered a new transfer order on October 13, 2010, which held that there was probable cause to charge J.P. with the offense of possession of an unlicensed firearm, as well as that transfer was mandatory pursuant to both sections 2508(b)(2) and (b)(3) due to J.P.'s prior delinquency adjudications and because possession of an unlicensed firearm would be a felony if committed by an adult. J.P. timely filed a second notice of appeal on October 25, 2010.[2]

---

[1] In his motion for summary reversal, J.P. noted that the August 5, 2010 Order erroneously stated that the motion for transfer had been brought pursuant to section 2508(b)(4) of title 14, and ordered that J.P. be transferred to the Criminal Division so that he could be tried for the crime of possession of a firearm during a crime of violence. After the People conceded that the Family Court erred in its identification of the charged offense and had granted the transfer pursuant to the wrong statutory provision, this Court summarily reversed the Family Court's August 5, 2010 Order and directed it to, on remand, consider the People's November 12, 2009 motion under sections 2508(b)(2) and (b)(3) and in the light of the correct charged offense. *See In the Interest of J.P.*, S.Ct. Crim. No. 2010-0057, slip op. at 2-3 (V.I. Sept. 27, 2010).

[2] *See* V.I.S.CT.R. 5(d) ("Appeals in juvenile matters to the Supreme Court from the Superior Court may be taken as a matter of right. The time to appeal and related procedures are governed by Rule 5(b). . . ."); V.I.S.CT.R. 5(b)(1) ("In a criminal case, a defendant shall file the notice of appeal in the Superior Court within fourteen days after the entry of . . . the judgment or order appealed from . . . .").

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." V.I. CODE ANN. tit. 4 § 32(a). "An order transferring a juvenile from the Family Division to the Criminal Division of the Superior Court is a final appealable order." *In the Interest of S.T.*, 51 V.I. 420, 422 (V.I. 2009) (citing 5 V.I.C. § 2508(d)).

■ Ordinarily, the standard of review for this Court's examination of the Superior Court's application of law is plenary, while the Superior Court's factual findings are only reviewed for clear error. *See St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007). Moreover, unless its decision involves application of a legal precept — in which case this Court would exercise plenary review — this Court only reviews the Superior Court's decision to transfer a juvenile for prosecution as an adult for abuse of discretion. *See S.T.*, 51 V.I. at 422 (citing *United States v. A.R.*, 38 F.3d 699, 702 (3d Cir. 1994)). Nevertheless, when a party to a criminal case fails to object to a Superior Court decision or order, this Court only reviews for plain error, provided that the challenge has been forfeited rather than waived.[3] *Francis v. People*, 52 V.I. 381, 390 (V.I. 2009). For this Court to reverse the Superior Court under the plain error standard of review, "there must be (1) 'error,'

---

[3] In its brief, the People, citing *Kirschbaum v. WRGSB Assocs.*, 243 F.3d 145 (3d Cir. 2001) and other civil cases, contend that numerous arguments asserted by J.P. in his brief have been "waived" due to J.P.'s failure to raise those arguments in the Superior Court and cannot be considered by this Court for the first time on appeal. However, this Court has consistently distinguished between "waiver" in a civil case and in a criminal case:

> In one of this Court's earliest opinions we pointed out that "[a]ppellate courts generally refuse to consider issues that are raised for the first time on appeal." *Daniel*, 49 V.I. at 335 (citing *Newark Morning Ledger, Co. v. United States*, 539 F.2d 929, 932 (3d Cir.1976)). This refusal stems from the fact that, while the Federal Rules of Criminal Procedure permit review of certain plain errors even though they were not raised in the trial court, *see* FED. R. CRIM. P. 52(b), there is no corresponding rule permitting such review in the civil context.

*Madir v. Daniel*, 53 V.I. 623, 634-35 (V.I. 2010). Consequently, because the instant appeal is a criminal case and the record contains no indication that J.P. — rather than his counsel — consented to any of the alleged errors identified in his appellate brief, this Court may consider these issues for the first time on appeal, albeit under the plain error standard of review.

(2) that is 'plain,' and (3) that 'affect[s] substantial rights.' " *Id.* (quoting *Johnson v. United States*, 520 U.S. 461, 466-67, 117 S. Ct. 1544, 1549, 137 L. Ed. 2d 718 (1997)). However, even "[i]f all three conditions are met," this Court shall reverse the Superior Court "only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.*

## B. The Family Court Correctly Held that J.P.'s Transfer was Mandatory

J.P., as his sole issue on appeal, contends that the Family Court acted contrary to law when it held that Virgin Islands law mandated his transfer to the Criminal Division. Title 5, section 2508(b), the mandatory transfer provision, provides, in pertinent part, that:

> If a child . . . is charged with an offense which would be a felony if committed by an adult, and the child . . . was *fourteen years of age or older at the time of the alleged offense*, the Family Division of the Superior Court, after a determination of probable cause, shall transfer the person for proper criminal proceedings to a court of competent criminal jurisdiction when. . . .
>
>> (2) the offense now charged is an offense which would be a *violent crime, as defined herein*, if committed by an adult and the person has at least once been adjudicated to be a delinquent child for an offense which would constitute a felony if committed by an adult; or
>> (3) the offense now charged is an offense which would be a felony if committed by an adult and the person has at least once been adjudicated to be a delinquent child for an offense which would be a *violent crime, as defined herein*, if committed by an adult. . . .

(emphases added). According to J.P., transfer under neither provision was warranted because the crime "unlicensed possession of a firearm" is not defined as a "violent crime" and that the People were precluded from introducing evidence of his prior delinquency adjudications, which had occurred before J.P. reached the age of fourteen. To affirm the transfer, however, this Court need only find that it was valid based on either section 2508(b)(2) or (b)(3). For the reasons that follow, we hold that the Family Court did not err when it transferred J.P. pursuant to section 2508(b)(3).

## 1. *The Family Court Properly Considered J.P.'s Prior Adjudications of Delinquency*

In his appellate brief, J.P. sets forth several arguments in support of his claim that the Family Court was barred from considering his prior adjudications of delinquency for assault in the third degree and possession of an unlicensed firearm, both of which occurred when he was thirteen. First, J.P. contends that the language "was fourteen years of age or older at the time of the alleged offense" in section 2508(b) applies not only to the offense with which a minor is presently charged, but also to the prior adjudications of delinquency referred to in sections 2508(b)(2) and (b)(3). Second, J.P. argues that sections 2527 and 2529[4] — which require the

---

[4] Section 2527 reads, in its entirety, as follows:

(a) Law enforcement records and files concerning a child shall be kept separate from the records and files of arrest of adults. Unless a charge of delinquency is transferred for criminal prosecution, such records and files shall not be open to public inspection nor their contents disclosed to the public without an order of the Family Division of the court or unless specifically authorized in this section.

(b) Inspection of such law enforcement records and files is permitted without court order by the following:

(1) the Family Division of the court;

(2) the representatives of a public and private agency, department, or institution providing supervision or having legal custody of the child, or in preparation of an official report for the court;

(3) legal counsel for the child;

(4) Attorney General or his designee representing the territory;

(5) a court in which the child has been convicted of a criminal offense or delinquent act for the purpose of a presentence report or other dispositional proceedings; and

(6) law enforcement officers of other jurisdictions when necessary for the discharge of their current official duties.

(c) Whoever, except as provided by this section, and subsection (b) of section 481 of Title 14, Virgin Islands Code, discloses, receives, or makes use of, or knowingly permits the use of information concerning a juvenile known to police, directly or indirectly derived from police records or files or acquired in the course of official duties, upon conviction thereof shall be fined not more than five hundred dollars ($500.00) or imprisoned for not more than one year, or both.

5 V.I.C. § 2527. Section 2529 reads, in its entirety, as follows:

(a) The court shall make and keep records of all cases brought before it under this subchapter and shall devise and cause to be printed such forms as may be required for social, medical, psychological and legal records, including reports of preliminary inquiries, predispositional studies and supervisional records of such persons as may be required.

585

sealing of and criminalize the unauthorized use of, respectively, juvenile law enforcement and legal records — precluded the People from introducing J.P.'s prior delinquency adjudications into evidence at the August 3, 2010 hearing. Because J.P. did not object to the admission of his prior delinquency adjudications at the August 3, 2010 hearing, this Court only reviews this issue for plain error.

"[I]n construing a statute, if the intent of the Legislature is clear, that is the end of the matter." *In re Infant Sherman*, 49 V.I. 452, 456 (V.I. 2008) (citations and internal quotations omitted). However, "[a] statute should not be construed and applied in such a way that would result in injustice or absurd consequences." *Gilbert v. People*, 52 V.I. 350, 356 (V.I. 2009) (citing *Am. Dredging Co. v. Local 25, Marine Div., Int'l Union of Operating Eng'rs*, 338 F.2d 837, 842-43 (3d Cir. 1964)). "Furthermore, '[a]lthough literal interpretation [of a statute] is favored, the intention prevails over the letter,' and thus 'no [statute] should be read literally if such a reading is contrary to its objective.' " *Id.* (quoting *Gov't of the V.I. v. Knight*, 28 V.I. 249, 259, 989 F.2d 619 (3d Cir. 1993)) (internal quotation marks omitted). Finally, "this Court must presume that '[w]hen the legislature adopts a law . . . it intended that the entire statute be

---

(b) The court's official records made and kept under this subchapter shall be filed separate from other files and records of the court and shall not be disclosed directly or indirectly to anyone other than the Family Division of the court or others permitted under this section to receive such information unless and until otherwise ordered by the judge. Persons or agencies permitted access without consent of the court are as follows:

(1) the representatives of a public or private agency, department, or institution providing supervision or having legal custody of the child, or in preparing an official report for the court;

(2) legal counsel for the child;

(3) the Attorney General or his designee representing the territory; and

(4) a court in which the child has been convicted of a criminal offense or a delinquent act for the purpose of a presentence report or other dispositional proceedings.

(c) All other court records, including dockets, complaints, motions and other papers filed with a case, transcripts of testimony, findings, verdicts, orders and decrees shall be open to inspection only by those persons and agencies designated in subsection (b) of this section.

(d) Whoever, except as provided by this section, discloses, receives, or makes use of, or knowingly permits the use of information concerning a child, directly or indirectly received from the court's social and legal records or files or acquired in the course of official duties, upon conviction thereof, shall be fined not more than five hundred dollars ($500.00) or imprisoned for not more than one year, or both.

5 V.I.C. § 2529.

effective.' " *Id.* (quoting *State v. Halliburton*, 539 N.W.2d 339, 344 (Iowa 1995)).

■ Applying the traditional rules of statutory construction, the Family Court did not commit any error — let alone a plain error — when it considered J.P.'s prior delinquency adjudications. As a threshold matter, section 2508(b) expressly provides that the minor be "fourteen years of age or older at the time of the *alleged* offense." 5 V.I.C. § 2508(b) (emphasis added). Thus, this age requirement cannot also refer to the prior adjudications of delinquency referenced in sections 2508(b)(2) and (b)(3) because those offenses — by their very nature — are no longer alleged, but have already been proven. *See* 5 V.I.C. § 2517(d) (requiring court, as prerequisite to adjudicating juvenile to be delinquent, to "find[] on the basis of a valid admission or finding of proof beyond a reasonable doubt, based upon competent and relevant evidence, that a child committed the acts by reason of which he is alleged to be delinquent. . . .").

■ ■ Similarly, J.P.'s proposed interpretation of sections 2527 and 2529 is inconsistent with the intent of the Legislature. Although J.P. acknowledges that sections 2527(b) and 2529(b) expressly authorize the People and the Family Division of the Superior Court to "inspect[]" juvenile law enforcement records and "access" juvenile court records, J.P. contends that these provisions, when read in conjunction with sections 2527(c) and 2529(d) — which make it a crime to "disclose[], receive[], or make[] use of, or knowingly permit[] the use of" such records in a way not authorized by sections 2527 and 2529 — prohibit the People or the Family Court from "mak[ing] use of" J.P.'s prior delinquency adjudications in the underlying transfer proceeding. While J.P. is correct that the language used in sections 2527(b) and 2529(b) is narrower than the language used in sections 2527(c) and 2529(d), the interpretation J.P. urges this Court to adopt is on its face inconsistent with the intent of the Legislature, since it would render the mandatory transfer provisions of sections 2508(b)(2) and (b)(3) wholly ineffective by barring the People from ever introducing, and the Family Court from ever considering, any prior adjudications of delinquency. Moreover, the fact that sections 2508, 2527, and 2529 all became part of the Virgin Islands Code on September 24, 1983 and were all initially adopted by the Legislature as part of a single enactment — Act. No. 4855 — provides further evidence that the Legislature could not have intended for sections 2527(c) and 2529(d) to prohibit the People and the Family Court from introducing into or

considering as evidence proof of a minor's prior delinquency adjudications as part of a transfer proceeding. *See Gilbert*, 52 V.I. at 360 (holding that simultaneous enactment of two provisions provides strong evidence that Legislature intended each provision to be effective and serve an independent purpose). Accordingly, we hold that the Family Court properly considered J.P.'s prior delinquency adjudications when making its transfer determination.

## 2. J.P.'s Transfer was Mandatory Under Section 2508(b)(3)

■ J.P., on appeal, primarily argues that the Family Court should not have transferred him pursuant to section 2508(b)(2) because — according to J.P. — the charge "unlicensed possession of a firearm" is not a "violent crime." However, J.P. does not dispute that section 2508(c)(E) expressly defines assault in the third degree as a violent crime, and that the offense referred to as "unlicensed possession of a firearm," if committed by an adult, is a felony. *See* 14 V.I.C. § 2253(a) ("Whoever, unless otherwise authorized by law, has, possesses, bears, transports or carries . . . any firearm . . . shall be sentenced to imprisonment of not less than one year nor more than five years . . . ."); 14 V.I.C. § 2(b)(1) ("[A] felony is a crime or offense which is punishable by imprisonment for more than one year. . . ."). Therefore, because the Family Court could consider delinquency adjudications that occurred before a juvenile reached the age of fourteen, it correctly concluded that J.P.'s transfer to the Criminal Division was mandatory pursuant to section 2508(b)(3). *See* 5 V.I.C. § 2508(b)(3) (requiring transfer when "the offense now charged is an offense which would be a felony if committed by an adult and the person has at least once been adjudicated to be a delinquent child for an offense which would be a violent crime, as defined herein, if committed by an adult."). Consequently, this Court affirms the Family Court's decision to transfer J.P. under section 2508(b)(3).[5]

---

[5] Given our holding that J.P.'s transfer was mandatory pursuant to section 2508(b)(3), it is not necessary for this Court to consider J.P.'s argument that the Family Court erred when it transferred him pursuant to section 2508(b)(2). Nevertheless, because J.P.'s argument in support of reversal relies primarily on this Court's holding in *S.T.* that possession of an un-licensed firearm is not a "crime of violence," we remind J.P.'s counsel that *S.T.* interpreted the undefined phrase "crime of violence" used in section 2508(b)(4), and thus that decision has no relevance to how the phrase "violent crime" — which is expressly defined in section 2508(c) — should be interpreted in sections 2508(b)(2) and (b)(3). Significantly, the *S.T.*

## III. CONCLUSION

Since the age requirement in section 2508(b) expressly refers only to the "alleged offense," and sections 2527 and 2529 cannot be interpreted to preclude the People or the Family Court from introducing evidence of prior delinquency adjudications without rendering the mandatory transfer provisions of section 2508(b)(2) and (b)(3) wholly ineffective, the Family Court did not commit any error when it allowed the People to introduce evidence of J.P.'s prior two delinquency adjudications. Thus, because J.P.'s prior adjudication of delinquency for assault in the third degree is a "violent crime" under section 2508(c) and the charged offense of possession of an unlicensed firearm in violation of section 2253(a) of title 14 would be a felony if committed by an adult, the Family Court correctly held that J.P.'s transfer to the Criminal Division was mandatory pursuant to section 2508(b)(3). Accordingly, we affirm the Family Court's October 13, 2010 Order transferring J.P. from the Family Division to the Criminal Division.

---

decision, although holding that the offense of carrying a firearm could not constitute a "crime of violence" for purposes of section 2508(b)(4), recognized that section 2508(c)(N) identifies "carrying firearms" as a "violent crime" for purposes of sections 2508(b)(2) and (b)(3). *S.T.*, 51 V.I. at 426.